UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKAL BRUSAMTONE MAKFARSAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DISTRICT COURTS, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:26-cv-01020-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Makal Brusamtone Makfarsan, also known as Michael McPherson,[1] is appearing pro se in this civil rights action.

## I.　INTRODUCTION

On February 5, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

## II.　THREE STRIKES PROVISION OF 28 U.S.C. § 1915

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the

---

[1] The California Department of Corrections and Rehabilitation inmate number of BL-3935 is assigned to Michael Bruce Anthony McPherson. https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=BL3935, accessed as of 2/11/2026. Plaintiff's name in this action appears to be a phonetically spelled version of Plaintiff's actual or true name.

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.   JUDICIAL NOTICE

The Court takes judicial notice[2] of three prior lawsuits filed by Plaintiff in this district:

1. *McPherson v. Barr*, No. 2:20-cv-01206-JAM-EFB (E.D. Cal.) (dismissed as frivolous on November 4, 2020)

2. *McPherson v. Newman,* No. 2:24-cv-00354-KJM-CSK (E.D. Cal.) (dismissed for failure to state a claim on February 21, 2025)

3. *McPherson v. Carpenter*, No. 2:25-cv-00202-DC-CSK (E.D. Cal.) (dismissed for failure to state a claim on September 8, 2025)

A dismissal for a failure to state a claim or as frivolous is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on February 5, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

### IV.   IMMINENT DANGER DISCUSSION

#### *Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's complaint.

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

The complaint is difficult to decipher but appears to assert unspecified constitutional claims against the "Federal District Courts" and California Attorney General Rob Bonta. (*See* Doc. 1 at 1-2.) It includes a "Declaration of Nine [Planned] Sports," including, for example, "Savkar," "Futbal," "Baskadbal," and "Danaz." (*Id*. at 3.) It also includes a "Declaration of Nine Hollywood Plan," including, for example, "Salabrate," "Famas," "Madow," and "Aktor." (*Id*. at 5.) The complaint also includes the heading "Meye Dad Roz Kwen Plan"; this section is incomprehensible, as is the following page. (*Id*. at 7-8.) A list of "Federal Rules of Civil Procedure. Construction" is also included. (*Id*. at 9.) As his first cause of action, Plaintiff titles Claim I "Interference with Meye Kreation," and identified the issue involved as "Property." (*Id*. at 10.) The body of the claim is largely incomprehensible. (*Id*. [e.g., "Eyem gavarnman widt hole lawz" & "Alsow meye kwen Kimbarle Kardashian iz alown an loyow tu meye …"].)

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. Plaintiff appears to allege interference with access to outdoor exercise and to televised entertainment which do not place him in imminent danger of serious physical injury. *Blackman*, 2016 WL 5815905, at *1; *Martin*, 319 F.3d at 1050.

In sum, Plaintiff fails to allege that he was in any imminent danger of serious physical injury when the complaint was filed. Therefore, Plaintiff should be precluded from proceeding IFP in this action and must pay the $405 filing fee to litigate this action. *Andrews*, 493 F.3d at

1052-53; *Lewis*, 279 F.3d at 531.

## V.    ORDER AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1.  Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and

2.  Plaintiff be ordered to pay the $405 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **February 11, 2026**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

4